

**U N I T E D   S T A T E S   D I S T R I C T   C O U R T**
**D I S T R I C T   O F   N E W   J E R S E Y**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**

     **JUDGE**

**LETTER OPINION**

August 12, 2008

Dean Maglione
Robert Treat Center
50 Park Place, Suite 1400
Newark, NJ 07102
*Attorney for Plaintiff*


Bennet Zurofsky
Reitman Parsonnet, P.C.
744 Broad Street, Suite 1807
Newark, NJ 07102
*Attorney for Defendant*s *Brotherhood of Locomotive Engineers and Trainmen
and Robert Vallochi*

> Re:   *Marcus v. Dolan, et al.*
>       <u>Civil Action No. 08-cv-2181 (WJM)</u>

Dear Litigants:

      The relevant aspects of this case arise from a union's representation of its member
during employment discharge proceedings.  Defendants Brotherhood of Locomotive
Engineers and Trainmen ("BLET") and Robert Vallochi (collectively, "Union
Defendants") move to dismiss Plaintiff Michael Marcus's Complaint for failure to state a
claim pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, a more definite statement
pursuant to Rule 12(e).  For the reasons stated below, Union Defendants' motion to
dismiss is **GRANTED**.

## I.     FACTS AND PROCEEDINGS

      Plaintiff is a member of BLET and a former employee of New Jersey Transit Rail
Operations ("NJT").  (Compl. ¶ 14–16.)  On September 28, 2005, Plaintiff was arrested

for possession of unused New Jersey Transit railroad tickets valued at $216.58.  (Compl. ¶¶ 39–40.)  On January 20, 2006, Plaintiff's case was administratively dismissed by a state court judge due to insufficient evidence to substantiate the charges.  (Compl. ¶¶ 47–48.)

On March 16, 2006, the General Superintendent of the Hoboken Division of the NJT terminated Plaintiff's employment at the NJT.  (Compl. ¶ 49.)  A BLET representative appealed the termination on Plaintiff's behalf, but the request was denied.  (Compl. ¶¶ 50–51.)  On or about June 7, 2006, the parties entered into an arbitration to determine Plaintiff's termination status, and Plaintiff's claim was again denied.  (Compl. ¶ 52.)

Plaintiff initially commenced this action in the Superior Court of New Jersey in Essex County on April 1, 2008.  Plaintiff alleges state law claims of: (1) discrimination based upon his race and national origin, (2) intentional infliction of emotional distress, and (3) breach of an implied covenant of good faith and fair dealing.  Union Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441.  On May 12, 2008, Union Defendants moved to dismiss the Complaint, and Plaintiff failed to file an opposition. The motion to dismiss is now before the Court.

## II.    DISCUSSION

### A.    Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint need not contain detailed factual allegations, "the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level.  *See id*. at 1964-65.  Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

**B.     The Railway Labor Act and the Duty of Fair Representation**

The Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.,* "governs the rights, obligations, and duties of employees, their representatives, and carriers with respect to negotiations and agreements" in the railroad and airline industries.  *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 321 (3d Cir. 2004).  Under the RLA, BLET, as a union, owes a duty of fair representation to its members in arbitrating their employment disputes, and a plaintiff may sue the union for a breach of its duty of fair representation when a union's conduct towards its member is arbitrary, discriminatory, or in bad faith.  *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  Thus, a plaintiff's claims against a union for breach of the duty of fair representation arise under the RLA.

State law claims of a breach of the duty of fair representation are preempted under the RLA.  *Bensel*, 387 F.3d 321 ("state-law causes of action are presumptively preempted where they concern conduct that is actually or arguably either protected or prohibited by federal labor relations law").  Furthermore, a court may construe state law claims that are, in substance, claims of a breach of the duty of fair representation as a claim arising under the RLA.[1]  *See Vaca*, 386 U.S. at 177; *Bensel*, 387 F.3d at 321; *Johnson v. United Food & Commercial Workers, Int'l Union Local No. 23*, 828 F.2d 961, 967 (3d Cir. 1987); *see also Reiss v. Bhd. of Ry. & Airline Clerks*, 629 F. Supp. 1029, 1030 (E.D. Pa. 1986) (state law claims arising from a union's conduct in its capacity as a collective bargaining representative were displaced by federal law); *Sung Tran v. Delavau, LLC*, No. 07-3550, 2008 U.S. Dist. LEXIS 39001, at *20-24 (E.D. Pa. May 13, 2008) (conduct that was either protected or prohibited by the NLRA was presumptively preempted); *Garland v. US Airways, Inc*., No. 05-140, 2006 U.S. Dist. LEXIS 89714, at *18–19 (W.D. Pa. Dec. 12, 2006) (related state law causes of action are preempted or subsumed by federal statutes imposing a duty of fair representation).

---

[1] Because the nature of the duty of fair representation is the same under the RLA and the National Labor Relations Act ("NLRA"), a uniform federal standard governs both.  *See Sisco v. Consolidated Rail Corp.,* 732 F.2d 1188, 1193 (3d Cir. 1984).  Accordingly, cases "cited under the NLRA are applicable for use in the RLA context."  *Southeastern Pennsylvania Transp. Authority v. Brotherhood of R. Signalmen*, 882 F.2d 778, 785 n.4 (3d Cir. 1989).

In this case, Plaintiff's state law claims are, in substance, a claim of breach of BLET's duty of fair representation under the RLA.  Although Plaintiff's claims are couched in terms of state statutory and common law, Plaintiff's allegations appear merely to recite a claim of a breach of BLET's duty of fair representation: (1) Plaintiff's allegation of racial and national origin discrimination in BLET's representation of Plaintiff is embodied in the RLA's prohibition of discriminatory conduct in a union's representation of its member;[2] (2) Plaintiff's claim of intentional infliction of emotional distress implicates bad faith conduct constituting a breach of BLET's duty of fair representation; (3) Plaintiff's claim for breach of implied covenant of good faith and fair dealing similarly addresses Defendants' actions as Plaintiff's collective bargaining representative.  Thus, Plaintiff's claims as a whole are "inextricably intertwined and embodied in" a duty of fair representation claim, and are therefore preempted.  *See, e.g., Garland*, 2006 U.S. Dist. LEXIS 89714 at * 17.

## C.     Plaintiff's Duty of Fair Representation Claim is Time-barred

Plaintiff's claim of BLET's breach of its duty of fair representation is untimely under the applicable federal statute of limitations.  It is well settled that a claim of breach of the duty of fair representation is subject to a six-month statute of limitations period. *Bensel*, 387 F.3d. at 305 (citing *Sisco*, 732 F.2d at 1193–94).  When the dispute involves arbitration proceedings, the six-month period definitively commences at the time a final adverse arbitration decision is reached.[3]  *Whittle v. Local 641, Int'l Bhd. of Teamsters*, 56 F.3d 487, 490 (3d Cir. 1995).  Since this action was commenced nearly twenty-one months after Plaintiff's arbitration decision was finalized on or about June 7, 2006, Plaintiff's claim of breach of the duty of fair representation is untimely and must therefore be dismissed.

## D.     Remand

---

[2]  The Court expressly leaves open the question of whether any state law claims of discrimination may remain viable against Union Defendants for conduct unrelated to its representation of Plaintiff in the termination proceedings.  In the Complaint, Union Defendants' alleged discriminatory conduct appears to be confined to its representation of Plaintiff during the termination proceedings.  Thus, whether a union's conduct outside of its role as Plaintiff's representative may independently be actionable under the New Jersey Law against Discrimination, N.J.S.A. 10:5-1 *et seq.*, is not before this Court.

[3] Plaintiff has failed to plead any facts suggesting that the "rays of hope" doctrine or other equitable tolling principals would be applicable in this case.  *See, e.g., Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 261 n.11 (3d Cir. 1990)*; Childs v. Penn. Fed'n Bhd. of Maintenance Way Employees*, 831 F.2d 429, 434 (3d Cir. 1987).

As the Court has dismissed all claims arising under the RLA, the Court will remand the remaining state law claims against the other defendants in this action for purposes of judicial economy, fairness, and comity pursuant to 28 U.S.C. § 1367(c)(3).

**III.     CONCLUSION**

For the reasons stated above, Union Defendants' motion to dismiss will be **GRANTED,** and the remaining state law claims will be **REMANDED** to the Superior Court of New Jersey, Essex County.  An appropriate Order follows.


s/William J. Martini
**William J. Martini, U.S.D.J.**